```
                                           FILED
                                  CLERK, U.S. DISTRICT COURT

                                        7/6/2022

                                 CENTRAL DISTRICT OF CALIFORNIA
                                 BY:      JB        DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:22-cr-00301-SPG |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 1343: Wire Fraud; 18 U.S.C. § 371: Conspiracy to Defraud; 26 U.S.C. § 7201: Attempt to Evade and Defeat Tax] |
| ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG, | |
| Defendants. | |

The Grand Jury charges:

COUNTS ONE THROUGH FOUR

[18 U.S.C. § 1343]

[ALL DEFENDANTS]

A.  INTRODUCTORY ALLEGATIONS

At times relevant to this Indictment:

Company A

1.  Company A was a Delaware corporation with its principal place of business in Santa Fe Springs, California. Company A was a chemical and ingredient solutions distributor.

2.  As part of its normal business practice, Company A frequently sold chemical products and ingredient solutions to

customers on trade credit terms which allowed customers to take custody of their purchased items and pay for the items on a later date. Pursuant to these trade credit terms, Company A customers frequently had between 15 and 110 days after the issuance of a purchase invoice from Company A to pay for their purchases. When customers failed to timely pay their invoices, Company A's collections department was responsible for contacting the clients and coordinating the payment of the customers' outstanding balances.

<u>Defendants and Their Controlled Corporation</u>

3. Defendants ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG were married and resided variously in Culver City, California, and El Segundo, California, both within the Central District of California.

4. Between December 2006 and August 2017, defendant BRATTON worked for Company A in the company's collections department. Over the course of his employment, defendant BRATTON held various titles at Company A, including Regional Credit and Collections Manager and Director of Collections.

5. As part of his employment responsibilities as Regional Credit and Collections Manager and, subsequently, as Director of Collections, defendant BRATTON supervised the activities of Company A's collections department and directed the activities of the collections representatives under his supervision. In this capacity, defendant BRATTON was vested with the authority to contract with third-party collection agencies when necessary to assist Company A's collections department in collecting outstanding receivables.

6. Defendant MACARAIG was the registered owner of United Recovery Solutions, Inc. ("URS"), a California corporation ostensibly engaged in providing collection services.

B.  THE SCHEME TO DEFRAUD

7. Beginning on a date unknown, but no later than in or about July 2010, and continuing through at least in or about October 2017, in Los Angeles County, within the Central District of California, and elsewhere, defendants BRATTON and MACARAIG, knowingly and with intent to defraud, devised, participated in, and executed a scheme to defraud Company A as to material matters, and to obtain money and property from Company A by means of materially false and fraudulent pretenses, representations, and promises, and the concealment of material facts.

8. The scheme to defraud operated, in substance, as follows:

   a. In order to provide URS with the outward appearance of a legitimate corporation engaged in the collection of third-party debts, defendants BRATTON and MACARAIG incorporated URS with the California Secretary of State, and created, and caused to be created, a website for URS.

   b. In order to conceal defendant MACARAIG's involvement in the operation of URS and defendant BRATTON's connection to the company, defendants BRATTON and MACARAIG created, and caused to be created, email addresses for fictitious URS employees, including "Morgan Stallworth," a purported "senior accounts manager" for URS, and then used these email addresses to communicate with other individuals on behalf of URS.

   c. Once URS was created, defendant BRATTON referred many of Company A's outstanding account receivables to URS for collection

3

services, including numerous outstanding receivables that did not require third-party collection services because they were less than 90 days past due or were owed by large, established corporations that did not present a serious risk of default. Defendant BRATTON often sent these referrals by email to the fictitious "Stallworth."

   d. If a client paid an overdue invoice after the invoice was referred to URS, defendants BRATTON and MACARAIG would submit, and would cause to be submitted, an invoice to Company A on behalf of URS, charging Company A between 20% and 50% of the amount collected from the client. Thereafter, defendant BRATTON would approve the URS invoice for payment, and forward the invoices for additional approvals and payment, even though these amounts had often been collected by Company A in the normal course of business with little or no assistance provided by URS.

   e. In order to discourage other employees from questioning defendant BRATTON's referral of invoices to URS, defendant BRATTON repeatedly sent emails to other Company A employees in which he extolled the purported benefits of Company A's relationship with URS, made misleading statements to conceal that defendant BRATTON almost exclusively referred invoices for collection to URS, and harshly criticized anyone who questioned defendant BRATTON's use of URS to collect outstanding receivables.

  9. Between 2010 and 2017, defendants BRATTON and MACARAIG collected over $3,000,000 in commissions for unnecessary and superfluous collection services purportedly provided by URS.

C. <u>USE OF THE WIRES</u>

  10. On or about the dates set forth below, in Los Angeles County, within the Central District of California, and elsewhere,

4

1  defendants BRATTON and MACARAIG, for the purpose of executing the
2  above-described scheme to defraud, transmitted and caused the
3  transmission of, the following items by means of wire and radio
4  communication in interstate commerce:

| COUNT | DATE | INTERSTATE WIRE TRANSMISSION |
|---|---|---|
| ONE | July 10, 2017 | Email sent by defendant BRATTON from his work email account to the email address morgan@unitedrecoverysolutions.net, stating, in pertinent part, "This invoice is paid," with a screenshot from Company A's internal accounts receivable tracking software showing payments made by Company 1, a Company A customer. |
| TWO | July 10, 2017 | Email sent by defendant BRATTON from his work email account to the email address morgan@unitedrecoverysolutions.net, stating, in pertinent part, "These invoices are now paid," with a screenshot from Company A's internal accounts receivable tracking software showing payments made by Company 2, a Company A customer. |
| THREE | July 10, 2017 | Email sent by defendant BRATTON from his work email account to the email address morgan@unitedrecoverysolutions.net, stating, in pertinent part, "These invoices are now paid," with a screenshot from Company A's internal accounts receivable tracking software showing payments made by Company 3, a Company A customer. |
| FOUR | July 17, 2017 | Email sent by defendant BRATTON from his work email account to the email address morgan@unitedrecoverysolutions.net, stating, in pertinent part, "Please see the attached list of paid invoices for the [redacted] account…," with a two-page PDF document evidencing payments made to Company A by Company 4, a Company A customer. |

COUNT FIVE

[18 U.S.C. § 371]

[ALL DEFENDANTS]

11. The Grand Jury realleges paragraphs 1 through 6 of this Indictment here.

A. OBJECT OF THE CONSPIRACY

12. Beginning as early as September 2016, and continuing until at least December 2018, in Los Angeles County, within the Central District of California, and elsewhere, defendants ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG knowingly conspired and agreed together and with each other to defraud the United States by impeding, impairing, obstructing, and defeating the lawful government functions of the Internal Revenue Service of the Department of the Treasury in the ascertainment, computation, assessment, and collection of the revenue, namely, federal corporate income taxes due and owing by United Recovery Solutions, Inc. ("URS").

B. MANNER AND MEANS OF THE CONSPIRACY

13. Defendants BRATTON and MACARAIG sought to accomplish the objects of the conspiracy through the following manner and means, among others:

   a. Defendants BRATTON and MACARAIG provided their corporate income tax return preparer with false financial statements and documentation for use in preparing URS's 2015, 2016, and 2017 corporate income tax returns. The statements and documentation provided by defendants BRATTON and MACARAIG falsely understated the income generated by URS from commissions charged to Company A for collection services, and claimed false deductions for nonexistent "commission" payments purportedly made by URS.

b.  Defendant MACARAIG executed IRS e-file authorization forms authorizing the filing of U.S. corporate income tax returns on behalf of URS for the 2015, 2016, and 2017 calendar years, knowing the returns falsely understated URS's taxable income and the amount of tax due and owing by URS for the relevant tax periods.

C.  OVERT ACTS

14.  In furtherance of the conspiracy and to accomplish its objects, on or about the following dates, defendants BRATTON and MACARAIG, and others known and unknown to the Grand Jury, committed various overt acts within the Central District of California, and elsewhere, including, but not limited to, the following:

Overt Act No. 1:  On or about September 9, 2016, defendant MACARAIG sent an email to URS's corporate income tax return preparer containing financial statements for URS's 2015 taxable year which, as defendants BRATTON and MACARAIG then knew, falsely understated URS's 2015 gross income and claimed false and fraudulent deductions for nonexistent commission payments.

Overt Act No. 2:  On or about September 13, 2016, defendant MACARAIG executed a Form 8879-C, IRS e-file Authorization for Form 1120, authorizing the electronic filing of the 2015 corporate income tax return of URS, which return falsely understated URS's total income and federal income tax liability for the 2015 taxable year.

Overt Act No. 3:  On or about September 14, 2017, defendant BRATTON sent an email to URS's corporate income tax return preparer containing financial statements for URS's 2016 taxable year which, as defendants BRATTON and MACARAIG then knew, falsely understated URS's 2016 gross income and claimed false and fraudulent deductions for nonexistent commission payments.

Overt Act No. 4: On or about September 15, 2017, defendant MACARAIG signed a Form 8879-C, IRS e-file Authorization for Form 1120, authorizing the electronic filing of the 2016 corporate income tax return of URS, which return, as defendants BRATTON and MACARAIG then knew, falsely understated URS's total income and federal income tax liability for the 2016 taxable year.

Overt Act No. 5: On or about September 15, 2017, defendant BRATTON emailed URS's corporate income tax return preparer a copy of the Form 8879-C, IRS e-file Authorization for Form 1120, for URS's 2016 corporate income tax return, signed by defendant MACARAIG.

Overt Act No. 6: On or about September 8, 2018, defendant MACARAIG signed a Form 8879-C, IRS e-file Authorization for Form 1120, authorizing the electronic filing of the 2017 corporate income tax return of URS, which return, as defendants BRATTON and MACARAIG then knew, falsely claimed that URS had zero taxable income for the 2017 taxable year.

Overt Act No. 7: On or about December 11, 2018, defendant BRATTON sent an email to URS's corporate income tax return preparer containing financial statements for URS's 2017 taxable year which statements, as defendants BRATTON and MACARAIG then knew, falsely understated URS's 2017 gross income and claimed false and fraudulent deductions for nonexistent commission payments.

Overt Act No. 8: On or about January 2, 2019, defendant MACARAIG filed a false IRS Form 1120X, Amended Corporate Income Tax Return, for URS for the 2017 taxable year, which return, as defendants BRATTON and MACARAIG then knew, falsely understated the amount of gross receipts earned by URS during the 2017 taxable year, and claimed false deductions for nonexistent commission payments.

COUNT SIX

[26 U.S.C. § 7201]

[ALL DEFENDANTS]

15.  Between in or about March 2016 and in or about October 2016, in Los Angeles County, within the Central District of California and elsewhere, defendants ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG willfully attempted to evade and defeat income tax due and owing by United Recovery Solutions, Inc. ("URS"), a corporation that had its principal place of business in Los Angeles County, California, to the United States of America, for the calendar year 2015, by committing affirmative acts, namely, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Corporation Income Tax Return, Form 1120, which was submitted to the Internal Revenue Service. On that tax return, the corporation reported that its taxable income for the calendar year 2015 was $14,371 and that the amount of tax due and owing was $2,195. In fact, as defendants BRATTON and MACARAIG knew, the corporation's taxable income for the calendar year 2015 was greater than the amount reported on the tax return, and as a result of such additional taxable income, there was substantial additional tax due and owing to the United States of America.

## COUNT SEVEN

[26 U.S.C. § 7201]

[ALL DEFENDANTS]

16. Between in or about March 2017 and in or about October 2017, in Los Angeles County, within the Central District of California and elsewhere, defendants ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG willfully attempted to evade and defeat income tax due and owing by United Recovery Solutions, Inc. ("URS"), a corporation that had its principal place of business in Los Angeles County, California, to the United States of America, for the calendar year 2016, by committing affirmative acts, namely, by preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Corporation Income Tax Return, Form 1120, which was submitted to the Internal Revenue Service. On that tax return, the corporation reported that it had negative taxable income (i.e. a loss) for the calendar year 2016 in the amount of ($7,827) and that no tax was due and owing. In fact, as defendants BRATTON and MACARAIG knew, the corporation had substantial taxable income for the calendar year 2016, and as a result of such additional taxable income, there was substantial tax due and owing to the United States of America.

## COUNT EIGHT

[26 U.S.C. § 7201]

[ALL DEFENDANTS]

17. Between in or about March 2018 and in or about January 2019, in Los Angeles County, within the Central District of California and elsewhere, defendants ERIC LENARD BRATTON and KRISTINA PATRICIA MACARAIG willfully attempted to evade and defeat income tax due and owing by United Recovery Solutions, Inc. ("URS"), a corporation that had its principal place of business in Los Angeles County, California, to the United States of America, for the calendar year 2017, by committing the following affirmative acts, among others:

    a. By preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent U.S. Corporation Income Tax Return, IRS Form 1120, which was submitted to the Internal Revenue Service, and falsely claimed that URS had negative taxable income (i.e. a loss) for the calendar year 2017 in the amount of ($800), and that no tax was due and owing.

    b. By preparing and causing to be prepared, and by signing and causing to be signed, a false and fraudulent Amended U.S. Corporation Income Tax Return, IRS Form 1120, which was submitted to the Internal Revenue Service, and falsely claimed that URS had negative taxable income (i.e. a loss) for the calendar year 2017 in the amount of ($2,007), and that no tax was due and owing.

///
///
///

18. In fact, as defendants BRATTON and MACARAIG knew at the time the abovementioned tax returns were prepared, signed, and filed, URS had substantial taxable income for the calendar year 2017, and as a result of such additional taxable income, there was substantial tax due and owing to the United States of America.

A TRUE BILL

/S/
Foreperson

STEPHANIE S. CHRISTENSEN
Acting United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

KRISTEN A. WILLIAMS
Assistant United States Attorney
Acting Chief, Major Frauds Section

JAMES C. HUGHES
Assistant United States Attorney
Major Frauds Section